UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BENJAMIN LEE REED #749483      CIVIL ACTION NO. 23-cv-105 SEC P

VERSUS      JUDGE TERRY A. DOUGHTY

JERRY GOODWIN      MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Benjamin Lee Reed ("Petitioner") pled guilty in the Bossier Parish state court to molestation of a juvenile under the age of 13. He received an agreed sentence of 25 years in prison without the benefit of probation, parole, or suspension of sentence. He did not appeal, but he later filed in state court both a motion to vacate guilty plea and a post-conviction application. He now seeks federal habeas corpus relief on the grounds that the transcript of his guilty plea hearing was lost as part of a ransomware attack on the state court. For the reasons that follow, it is recommended that his petition be denied.

### Relevant Facts

Petitioner first appeared in court in August 2017 and advised that he would hire attorney Eric Johnson. Petitioner appeared with Johnson a few months later and entered a plea of not guilty. Minutes show that there were several other court appearances to address matters such as a free and voluntary statement hearing and an inquiry by a sanity commission. The minutes reflect that on November 13, 2019, a few days before trial was

to begin, Petitioner entered a guilty plea. The minute entry (the only surviving written evidence of the proceeding) provides:

> Benjamin Reed (incarcerated) is present with counsel Eric Johnson. Defendant withdrew former plea of not guilty and entered a plea of guilty to MOLESTATION OF A JUVENILE UNDER AGE OF THIRTEEN. The Court explained the rights to trial by jury, to confront accusers, to compulsory process, to appeal, to Court appointed or private counsel, and the privilege against self-incrimination. The defendant indicated he understood and waived these rights. The DA summarized the facts and the Court questioned the defendant and his attorney and determined that the plea was free and voluntary with full understanding of rights. The Court then accepted the plea of guilty. Defendant waived all delays and is sentenced pursuant to agreement to 25 years at hard labor in the Louisiana Department of Corrections without the benefit of probation, parole or suspension of sentence. Defendant is given credit for time served. Defendant is to pay restitution to victim A.G. (DOB 11/18/2010) through the mother Alania Reed. Sex offender registration forms are completed and filed in open Court Defendant is given copy in open Court. Defendant is advised of 30 days to appeal and 2 years to apply for Post Conviction Relief. Andrew Jacobs is present on behalf of the State.

The minutes reflect that the court explained to Petitioner his Boykin rights to trial by jury, to confront his accusers, to compulsory process, to have appointed or private counsel, and the right against self-incrimination. Petitioner waived those rights, a factual basis was provided by the prosecutor, and the court found that the plea was entered freely and voluntarily.

Petitioner did not file a direct appeal. About a year later, on November 17, 2020 he filed a pro se motion for production of documents that requested a free copy of his court minutes, bill of information, transcript, and other documents. The trial court granted his request in part and directed the clerk of court to provide Petitioner with a free copy of his

guilty plea colloquy, bill of information, criminal case minutes, and documents committing him to custody.

Petitioner later complained that he had not received the documents. The state court issued an order in March 2021 and explained that, after an exhaustive search by the court staff, technical support teams, and the parish governing authority, the plea recording could not be located. The court explained that in November of 2019 (when the plea was entered) the court suffered an online attack. Governor Edwards declared a statewide emergency following a ransomware attack that prompted officials to temporarily deactivate government websites and other digital services. The court stated that its cybersecurity teams responded quickly to the attack, but they were unable to prevent all data loss. They recovered all but four days of data, and Petitioner's plea recording/colloquy was among the unrecoverable items.

Petitioner, in April 2021, filed a Motion to Vacate Guilty Plea, Conviction, and Sentence on the grounds that he was unable to petition the state appellate courts or the federal courts due to the lack of a transcript. He did not identify any claim that he wished to raise other than to say that he was "unable to raise any type of ineffective counsel claims" due to the lack of the transcript. The trial court set an evidentiary hearing.

Shortly before the hearing, attorney Eric Johnson filed a motion to withdraw as counsel. He recited in his motion how he represented Petitioner over the course of two years, negotiated an agreeable restitution amount to pay the mother of the victim, and struck a plea agreement that resulted in a charge of first-degree rape of a child under 13 being dismissed so that Petitioner could plead guilty to molestation of a juvenile under the

age of 13 and receive an agreed 25-year sentence. Counsel stated that he had repeatedly advised Petitioner of the pitfalls of attempting to unwind his plea agreement because it could result in Petitioner receiving a mandatory life sentence if he were convicted of a greater charge.

Attorney Johnson repeated that warning at the evidentiary hearing. The court asked Petitioner several times what he wished to accomplish by his motion. Petitioner was adamant that he was not withdrawing his guilty plea. "I am not withdrawing anything," he insisted. Rather, he said that he would like to "come to a solution to where I can re-plead to ten years, credit for time served, and this is over with; this is done." Petitioner said that if he got that resolution there would be "no appeals, no post-conviction" and "You will never hear from me again." Otherwise, he would "go to the Supreme Court to fight this all the way up."

Petitioner claimed at the hearing that attorney Johnson told him that he would "do ten years off of this twenty-five years." Johnson denied making any such statement, but Petitioner said, "I have records. I have records right here." Johnson said that he did write letters to Petitioner in the then-current year (not prior to entry of the plea) and offer to help him with an application for a commutation of sentence with the parole board after Petitioner had served the required amount of his sentence. Petitioner, however, was adamant that counsel told him that he was going to serve eight years and four months and that he had messages to back this assertion. Petitioner told the court that he filed his motion to vacate because he could not go forward on appeal or a post-conviction application without the transcripts. The court asked if the only issue he intended to raise in a post-

conviction application was ineffective assistance of counsel, and Petitioner agreed that it was.

Judge Parker Self took the matter under advisement and later issued a written ruling that denied the motion. He wrote that Petitioner, during the hearing, "indicated that he did not wish to withdraw his guilty plea," which the court equated to a withdrawal of the motion. The September 1, 2021 order stated that the "withdrawal of Mr. Reed's Motion by the defendant himself serves to render this matter moot."

Petitioner did not appeal that order. Instead, in October 2021, he filed a post-conviction application in state court. He listed seven claims, with number six asserting that court officials violated his due process rights by allowing security breaches of his court documents. Claim number four asserted that defense counsel breached a duty to his client by unspecified "deceit, lies, and false promises before, during, and after the guilty plea," amounting to ineffective assistance of counsel. Claim number seven alleged that defense counsel violated the law "by falsely lying to the court and his client Reed." Petitioner did not include a memorandum or other explanation of the basis for the listed claims. He also did not assert a claim that his plea was taken in violation of <u>Boykin</u>.

Judge Self issued a written decision that addressed each of the claims and denied them because each listing was either a "mere conclusion" or not based on grounds upon which post-conviction relief can be granted under La. C. Cr. P. art. 930.3. Petitioner filed applications for supervisory writs with the state appellate court and Louisiana Supreme Court. Both applications were summarily denied. The only argument presented in the application to the state's highest court—and thus the only claim exhausted in the state

courts—was that the state court conducted court proceedings after it was aware of the ransomware attack, which resulted in the lack of a Boykin transcript that showed his plea was entered knowingly and voluntarily.

**Analysis**

Petitioner's federal habeas petition lists two claims: (1) no transcripts of record of rights waiver and (2) obstruction of justice. The argument for the first claim is that records were stolen or destroyed so that there was no rights waiver, oath, or recorded transcript for appeals. The obstruction of justice argument is based on a complaint that the state court would not allow Petitioner to "re-plea or make a new guilty plea record." His requested relief is: "Reverse and be allowed to re-plea, and have backup systems for recording." The State has not raised any objections based on timeliness or exhaustion.

On direct appeal, an indigent defendant has a right to a trial transcript or a functional equivalent. Griffin v. Illinois, 76 S.Ct. 585 (1956). Petitioner did not file a direct appeal to raise a Boykin challenge or any other issue, and the time to do so passed in 2019 (30 days after his plea and sentence). Accordingly, the State was not obligated to provide him a transcript for purposes of appeal.

Petitioner did file a post-conviction application in state court, but "there is no constitutional mandate that a habeas petitioner must be provided a free copy of his state-court criminal trial record." Deem v. Devasto, 140 Fed. Appx. 574, 575 (5th Cir. 2005). Post-conviction applicants' demands for a free transcript are often denied on the grounds that a transcript was provided to their attorney during the appeal process. If that is not a basis for denial, the post-conviction applicant must make a showing of a particularized

need. Smith v. Beto, 472 F.2d 164, 165 (5th Cir. 1973). Petitioner has not made such a showing.

Under Louisiana law, a post-conviction applicant is not required to attach a copy of the trial court transcript to his application. Schaffer v. Day, 2022 WL 2232492 *2 (E.D. La. 2022). Petitioner therefore could have filed (and did file) a post-conviction application without the transcript at issue. His application did little more than list several claims in bare-bones fashion. Nothing in those conclusory assertions amounted to the kind of particularized showing that would have required the state court to provide Petitioner a copy of his guilty plea/sentencing transcript even if it had been available. Petitioner stated at his state court hearing that he needed the transcript to prove ineffective assistance of counsel claims, but he said at the same hearing that he had documents and evidence of communications that supported his claims. Petitioner's post-conviction application did not attach any such evidence or even describe or refer to it. Given the bare-bones nature of the claims, the state court reasonably denied the application. Thus, there is no basis to find that the lack of the guilty plea transcript prejudiced Petitioner either on direct appeal or in the post-conviction process.

"The purpose of recording criminal proceedings is to provide accurate documentation of what occurred at trial so that the defendant or the prosecution can support their assignments of error for appellate review and [the appellate courts] can review for errors patent on the face of the record pursuant to La.C.Cr.P. art 920." State v. Norah, 131 So. 3d 172, 182 (La. App. 4 Cir. 2013). Transcripts and records of guilty pleas, trials, and other court proceedings are sometimes destroyed by fire, floods, and other disasters.

Sometimes the loss of the record warrants relief, such as when Hurricane Katrina destroyed a transcript before the defendant could exercise his right to appeal. In that case, a new trial was required. State v. Milanez, 28 So.3d 523 (La. App. 4th Cir. 2009). But once the appeal process or delays have ended, the absence of the transcript does not mean the conviction goes away. Louisiana prisons hold several inmates whose records have been lost. See, e.g., In re Derbigny, 219 So. 3d 1041, 1044 (La. 2017) ("Records maintained by Criminal District Court covering the period prior to 2006 were destroyed in Hurricane Katrina."). And defendants often receive multiple offender enhancements based on prior convictions for which there are only minutes or other evidence short of a perfect transcript. See, e.g., State v. Shelton, 621 So.2d 769 (La. 1993).

Petitioner's habeas petition seeks relief on the grounds that there is no transcript to show that his plea complied with Boykin and other requirements. It does not appear that he exhausted such a claim in state court. To the extent such a claim might be found in his post-conviction application, it was denied on the merits. Habeas corpus relief is available with respect to a claim that was adjudicated on the merits in the state court only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

Petitioner has not pointed to any Supreme Court decision that has clearly established that he is entitled to habeas relief in these circumstances. He was not prejudiced on appeal

because he did not elect to file an appeal, and his post-conviction application was too conclusory to require he be provided a transcript of his guilty plea. He seeks relief based solely on that fact that the transcript is not available, but there is no freestanding constitutional obligation that a trial or guilty plea record exist for a conviction to have effect. Petitioner has not demonstrated that he is entitled to habeas relief under these circumstances, whether his claim is assessed under the deferential standard of § 2254(d) or de novo review.

Accordingly,

It is recommended that Petitioner's petition for writ of habeas corpus be denied.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of August, 2023.

Mark L. Hornsby
U.S. Magistrate Judge